Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JACKLYN RIVERA HERNÁNDEZ  **Peticionaria**  JOSUÉ ROQUE OCASIO  Recurrido  EXPARTE | KLCE202300597 | *CERTIORARI* Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan  Civil Núm.: CG2021RF00234 (601)  Sobre:  Divorcio |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de julio de 2023.

Comparece ante nos la señora Jacklyn Rivera Hernández ("señora Rivera Hernández" o "Peticionaria") mediante *Petición de Certiorari* presentada el 25 de mayo de 2023. Nos solicita que revoquemos la *Resolución* emitida y notificada el 17 de abril de 2023, por el Tribunal de Primera Instancia, Sala Superior de Caguas ("foro primario" o "foro *a quo*"). Por virtud de la misma, el foro primario concedió término a la Peticionaria para que se expresara en torno a la *Moción sobre Enajenación Parental y Custodia Compartida* sometida por el señor Josué S. Roque Ocasio ("señor Roque Ocasio" o "Recurrido"), y modificó las relaciones filiales para conceder las mismas al padre no custodio por un término corrido de seis (6) fines de semana corridas so pena de desacato. Inconforme con la determinación, la Peticionaria solicitó reconsideración, la cual fue declarada *No Ha Lugar* mediante *Resolución* emitida el 28 de abril de 2023, notificada el 1 de mayo de 2023.

Por los fundamentos expuestos a continuación, **denegamos** la expedición del auto de *certiorari.*

**I.**

La controversia ante nuestra consideración tiene su origen cuando el 6 de abril de 2021 la Peticionaria y el Recurrido presentaron *Petición* de divorcio por consentimiento mutuo.[1] Posteriormente, el 25 de junio de 2021, el foro primario dictó *Sentencia,*[2] en la cual declaró disuelto el vínculo matrimonial y en lo pertinente a la controversia ante nos, determinó que las relaciones paternofiliales se llevarían a cabo tres (3) fines de semana por mes, cuando los meses consten de cuatro (4) fines de semana y los meses que consten de cinco (5) fines de semana se relacionaría el Recurrido cuatro (4) fines de semana.

Posteriormente, el 27 de julio de 2022, la Peticionaria presentó *Urgente Moción en Solicitud de Reducción e Relaciones Paternofiliales por Alienación Parental y Cambios de Conducta del menor de Edad.*[3] En esta, arguyó que había notado cambios de conducta en el menor y que se proponía solicitar los servicios de un psicólogo. Consta, además, que el Recurrido consintió al aludido tratamiento. De igual forma, solicitó que se modificaran las relaciones paternofiliales a fines de semana alternos.

En respuesta, el Recurrido presentó *Contestación a Solicitud de Cambio Relaciones Filiales.*[4] En esta, negó las imputaciones realizadas en torno a alienación parental en su contra, sin embargo, no se opuso a la modificación de las relaciones paternofiliales. Conforme a ello, el 15 de agosto de 2022, el foro primario emitió *Orden*, a los fines de conceder término a las partes para escoger un psicólogo y notificar como se integrarían las partes a las sesiones. En cuanto a las relaciones paternofiliales, resolvió que estas se

---

[1] Apéndice 1, págs. 1-10.
[2] Apéndice 3, págs. 21-24.
[3] Apéndice 4, págs. 26-30.
[4] Apéndice 5, págs. 32-35.

debían mantener conforme a la *Sentencia* dictada el 25 de junio de 2021.

Como corolario de ello, la Peticionaria presentó *Moción en Cumplimiento de Orden y Reconsideración a Orden del 15 de agosto de 2022.*[5] En lo pertinente, solicitó que se reconsiderara la *Orden* emitida el 15 de agosto de 2022 sobre las relaciones paternofiliales, puesto que el Recurrido se había allanado a su petición de modificación de estas. Por lo tanto, solicitó se modifiquen las mismas. Así, el 30 de septiembre de 2022, el foro primario emitió *Orden* la que le requirió a las partes someter el acuerdo juramentado sobre las relaciones paternofiliales.[6]

En cumplimiento con lo ordenado, el 31 de octubre de 2022, la Peticionaria y el Recurrido presentaron *Moción Conjunta en Solicitud de Enmienda a Relaciones Paterno-Filiales,*[7] en el que las partes acordaban que el menor se relacionaría con el Recurrido fines de semanas alternos. De igual forma, se anejó a la misma un juramento suscrito por el Recurrido y la Peticionaria certificando que estaba de acuerdo con la modificación de las relaciones paternofiliales.

Posteriormente, el 16 de diciembre de 2022, la Peticionaria presentó ante el foro primario *Urgente Solicitud.*[8] Por virtud de esta, solicitó que se suspendieran las relaciones paternofiliales, puesto que el Recurrido no estaba emocionalmente estable para poder cuidar al menor. Solicitó, además, que el caso fuera referido a la Unidad Social para la investigación correspondiente. Ese mismo día, el foro primario emitió *Orden*[9] concediendo un término de veinte (20) al Recurrido para que se expresara en torno a la solicitud de la Peticionaria. A esos fines, el Recurrido presentó *Moción en Réplica*

---

[5] Apéndice 7, págs. 38-40.
[6] Apéndice 8, pág. 44.
[7] Apéndice 9, págs. 45-48.
[8] Apéndice 10, págs. 50-53.
[9] Apéndice 11, pág. 55.

*Urgente Solicitud.*[10] En esta, instó se declare No Ha Lugar la solicitud presentada por la Peticionaria en torno a la suspensión de relaciones paternofiliales; y se ordene la realización de un informe social.

Así las cosas, el 19 de enero de 2023, el foro *a quo* emitió *Orden*[11] en la cual determinó que se mantienen las relaciones filiales según constan en la sentencia de divorcio. La Peticionaria presentó escrito de *Solicitud de Reconsideración.*[12] En esta, esbozó que no podían efectuarse las relaciones filiales según determinado, debido a un proceso de orden de protección instado al amparo de la Ley 246-2011, según enmendada, conocida como *Ley para la Seguridad, Bienestar y Protección de Menores, 8 LPRA sec. 1101 et seq.,* en el cual existía una orden de protección vigente donde el Recurrido no podía tener contacto con el menor.

Luego de ciertos trámites procesales, el 28 de febrero de 2023, el foro primario emite *Resolución,*[13] resuelve y acoge la estipulación sometida el 31 de octubre de 2022, en la cual las partes acordaron que las relaciones paternofiliales se llevaran a cabo fines de semana alternos.

Inconforme con la determinación, la Peticionaria presentó *Solicitud de Reconsideración.*[14] En esta, solicitó que se dejara en suspenso la aludida determinación hasta tanto culminara el proceso de la orden de protección solicitada al amparo de la Ley 246-2011, *supra.* Evaluados los planteamientos de la Peticionaria, el 9 de marzo de 2023, notificada al día siguiente, el foro primario emitió *Orden* en la que declaró *Ha Lugar* la reconsideración presentada.[15]

Luego de varios incidentes procesales, el Recurrido presentó el 14 de abril de 2023, *Moción sobre Enajenación Parental y Custodia*

---

[10] Apéndice 13, págs. 59-60.
[11] Apéndice 14, pág. 66.
[12] Apéndice 15, págs. 67-68.
[13] Apéndice, pág. 99.
[14] Apéndice 20, págs. 102-104.
[15] Apéndice 21, pág. 106.

*Compartida.*[16] En esta, arguyó que como parte del proceso al amparo de la Ley 246-2011, *supra,* se designó a una trabajadora social para que investigara y emitiera el informe correspondiente. De igual forma, realizó imputaciones hacia la Peticionaria sobre enajenación parental. Además, solicitó en la aludida moción la custodia compartida del menor. Junto a la moción presentada, anejó la *Resolución*[17] emitida por la Sala Municipal de Caguas, en la cual se determinó que la Peticionaria desistió de la petición instada al amparo de la Ley 246-2011, *supra,* y que **procedía se reanudaran las relaciones paternofiliales**.

Así las cosas, el foro primario emitió y notificó la siguiente *Orden,*

> **20 DÍAS PARA QUE LA OTRA PARTE CONTESTE**.
> SE ORDENA A LOS REPRESENTANTES LEGALES DE LAS PARTES REUNIRSE Y SOMETER EL NOMBRE DE UN PERITO PARA EVALUACION DE ENAJENACION PARENTAL DE NO PONERSE DE ACUERDO EL TRIBUNAL ORDENA QUE CADA PARTE SOMETA TRES NOMBRES PARA ESCOGER UNO AL AZAR, ANTE EL RESULTADO DE LA ORDEN DE PROTECCION EL TRIBUNAL ORDENA LA MODIFICACION DE LAS RELACIONES FILIALES Y ORDENA LAS MISMAS 6 FINES DE SEMANA CORRIDAS CON EL PADRE NO CUSTODIO SO PENA DE DESACATO. (Énfasis y subrayado nuestro).

Inconforme con el dictamen, la Peticionaria presentó el 27 de abril de 2023, *Solicitud de Reconsideración a Orden emitida el 17 de abril de 2023.*[18] Por virtud de dicho escrito, arguyó que se modificaron las relaciones paternofiliales sin habérsele permitido expresarse y solicitó que las mismas se efectuaran conforme a lo previamente acordado entre las partes y resuelto el 28 de febrero de 2023, esto es, fines de semanas alternos. El 28 de abril de 2023, notificada el 1 de mayo del mismo año, el foro *a quo* emitió *Resolución*[19] declarando *No Ha Lugar* la reconsideración instada. De igual forma, consta en el Sistema Unificado de Manejo de Casos del

---

[16] Apéndice 22, págs. 107-109.
[17] Apéndice 22, pág. 111.
[18] Apéndice 24, págs. 114-117.
[19] Apéndice 26, pág. 126.

Tribunal General de Justicia de Puerto Rico ("SUMAC") que ese mismo día, el foro primario emitió otra *Orden*,[20] en la cual dispuso lo siguiente:

> **A discutirse cuando se radique el Informe Social y se celebre vista de Lectura de Informe Social**. (Énfasis nuestro).

Inconforme aún, el 25 de mayo de 2023, la Peticionaria acudió ante esta Curia y le imputó al foro primario la comisión de los siguientes errores:

> Primer Error:
>
> Erró el Tribunal de Primera Instancia al emitir una resolución tres días luego de presentada una moción por el Sr. Roque, sin contar con la posición de la compareciente, afectando así el debido proceso de ley.
>
> Segundo Error:
>
> Erró el Tribunal de Primera Instancia al negarse a ordenar el desglose del informe social como resultado del proceso de orden de protección al amparo de la Ley 246 y considerar alegaciones sobre su contenido para reanudar relaciones paternofiliales sin contar con la posición de la compareciente.

Esta Curia emitió y notificó *Resolución* el 1 de junio de 2023, en la que le concedió un término de diez (10) días al Recurrido para que mostrar causa por lo cual no debíamos expedir el auto de *certiorari* solicitado. De igual forma, se le apercibió que, de transcurrir el término dispuesto, procederíamos a resolver sin el beneficio de su comparecencia. Ante la incomparecencia de la parte Recurrida, procedemos a resolver la controversia ante nuestra consideración.

## II.

### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las

---

[20] Véase entrada número 53 de SUMAC.

determinaciones de un foro inferior". *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR ___ (2023); 2023 TSPR 46, resuelto el 12 de abril de 2023.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Estos criterios son:

(A)    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B)    Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra*, págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

**III.**

Expuesto el marco jurídico y ponderados los argumentos presentados por las partes, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Aun cuando la Regla 52.1 de Procedimiento Civil, *supra,* nos faculta, por vía de excepción, para atender asuntos sobre relaciones de familia, al amparo de los criterios que guían nuestra discreción no intervendremos en la determinación recurrida. En el presente caso, la Peticionaria no ha demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos, procede que se deniegue el recurso de *certiorari* de epígrafe.

**IV.**

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones